Justice ZAPPALA did not participate in the consideration or decision of this case.

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Louis S. CRIDEN, Respondent.**

**No. 482 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

March 24, 1999.

*ORDER*

PER CURIAM:

AND NOW, this 24th day of March, 1999, upon consideration of the Report and Recom-

---

* The former practice with respect to objecting to an amended complaint ... is set forth in Goodrich-Amram 2d § 1028(c):1. It is quoted in *Koenig v. International Broth. of Boilermakers, Iron Ship Builders, etc., AFL-CIO,* 284 Pa.Super. 558, 426 A.2d 635 (1980):

  If the amendment [of the complaint] removes all of which the defendant has complained, the preliminary objection should be withdrawn or dismissed by the court. If the defendant is not satisfied that the amendment cures all the errors, he need not file a new preliminary objection, but may order down the original objection for argument on the original complaint as well as the amendment.

  It should be noted that the 1991 amendments to Pa.R.C.P. 1028(f) changes the prior practice, providing that a party who wishes to object to an amended complaint should file new preliminary objections. The trial court followed the prior practice in this instance, advancing thereby the interest of judicial economy.

mendations of the Disciplinary Board dated December 1, 1998, it is hereby

ORDERED that LOUIS S. CRIDEN be and he is SUSPENDED from the Bar of this Commonwealth for a period of four (4) years to run consecutively to the period of suspension previously imposed by this Court on August 2, 1994, at No. 145 DB 91, and he shall comply with all the provisions of Rule 217 Pa.R.D.E.

It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Justices CASTILLE and NIGRO dissent and would enter a rule upon respondent to show cause why he should not be disbarred.